## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**JOHN MERRITT JAMES,**

      **Plaintiff,**

**v.**                                                    **Case No. 2:16-cv-03926**

**WEST VIRGINIA SUPREME COURT,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On April 25, 2016, the plaintiff, James John Merritt, filed a Letter-Form Complaint (ECF No. 1) and paid the applicable $400 filing fee. This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### THE PLAINTIFF'S CLAIMS

The plaintiff's Complaint alleges, in pertinent part, as follows:

John Merritt James Plaintiff (pro se)
v
West Virginia Supreme Court of Appeals decisions
in Civil Action C 15-0415
John Merritt James v. West Virginia Real Estate Commission
and Richard Strader Executive Director (now retired)

I received the West Virginia Supreme Court of Appeals dated April 15, 2015 on April 19, 2016. The Supreme Court made several erroneous decisions in this matter and I am praying that this court determines such facts and reverse their decision and see that final justice is finally accomplished in this state.

1

(ECF No. 1 at 1).  The plaintiff attached the challenged West Virginia Supreme Court Memorandum Decision, which was filed on April 15, 2016, as an exhibit to his Complaint. (*Id.*, Ex. A).  On July 5, 2016, the plaintiff filed additional documentation and exhibits in support of his Complaint (ECF Nos. 4 and 5).

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added).  A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

### A.    Rooker-Feldman Doctrine.

First, this court is without subject matter jurisdiction to hear Plaintiffs' claims under the *Rooker-Feldman* doctrine.  The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court").  More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff is challenging a decision of the West Virginia Supreme Court and asking this court to reverse it.  Thus, this court's review of the state court decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiff's Complaints for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### B.    Eleventh Amendment Immunity.

The plaintiff's Complaint names the West Virginia Supreme Court as the defendant.  It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions.  *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921).  Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the West Virginia Supreme Court is immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

### RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1) for lack of subject matter jurisdiction.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code,

4

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge