IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN MERRITT JAMES,

        Plaintiff,

v.                     CIVIL ACTION NO. 2:16-cv-03926

WEST VIRGINIA SUPREME COURT OF APPEALS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Letter-Form Complaint ("Complaint"). (ECF No. 1.) By Standing Order filed in this case on April 26, 2016, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 2.) Magistrate Judge Tinsley entered his PF&R on July 2, 2018, recommending that the Court find that Plaintiff is challenging a decision of the Supreme Court of Appeals of West Virginia ("WVSCA"), which is barred by the *Rooker-Feldman* doctrine, (ECF No. 6 at 3–4). Based on these proposed findings, the PF&R further recommends that the Court dismiss the Complaint for lack of subject-matter jurisdiction. (*Id.* at 4.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's

1

Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff filed timely objections to the PF&R on July 13, 2018. (ECF No. 7.)

The crux of Plaintiff's objections is that Magistrate Judge Tinsley erroneously construed his Complaint as one against the WVSCA and that he is "only requesting judgement [sic] against the West Virginia Real Estate Commission and their Executive Director Richard Strader." (*Id.* at 1 (emphasis removed).)  Therefore, he challenges the PF&R's proposed finding that his case is barred by the *Rooker-Feldman* doctrine.  The remainder of Plaintiff's filing delves into the merits of his case heard by the WVSCA and decided against him on April 15, 2016.  (*See id.* at 2–11 ("There are many reasons why this is an erroneous decision . . . ."); *see also* ECF No. 1-1.)  The Court will only address Plaintiff's objections insofar as he claims that the WVSCA is not the true Defendant in this matter.  The rest of the objections deal with the merits of a state court case not currently before this Court or addressed by Magistrate Judge Tinsley, and, thus, they "do not direct the Court to a specific error in the [PF&R]." *Orpiano*, 687 F.2d at 47.

As noted by the PF&R, the style of Plaintiff's Complaint reads as follows:

John Merritt James Plaintiff (pro se)
       V
West Virginia Supreme Court of Appeals decisions
In Civil Action C 15-0415
John Merritt James v. West Virginia Real Estate Commission and
Richard Strader Executive Director (now retired).

(ECF No. 1 at 1.) The Complaint makes clear in the first two sentences the relief Plaintiff is seeking: "I received the West Virginia Supreme Court of Appeals [decision] dated April 15, 2015[1] on April 19, 2016. The Supreme Court made several erroneous decisions in this matter and I am praying that this court determines such facts and reverse[s] their decision and see that final justice is finally accomplished in this state." (*Id.*) Again, at the end of Plaintiff's lengthy objections, which mostly discuss the merits of his state court case, he reiterates that "[t]he West Virginia Supreme Court of Appeals violated [his] constitutional [r]ights under the [C]onstitution of the United States of America." (ECF No. 7 at 11 ("I am respectfully request[ing] that this court will finally review my charges in this document and let justice prevail.").) Thus, it is clear that Plaintiff requests relief from the decision handed down by the WVSCA by having this Court reverse it. Now that the Court has determined that Plaintiff brought this case against the WVSCA and not the West Virginia Real Estate Commission and its former executive director as Plaintiff states in his objections, it will discuss whether such a challenge can survive.

"A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." *Johnson v. Wexford Health Sources, Inc.*, No. 2:15-cv-16010, 2015 WL 9008848, at *2 (S.D. W. Va. Dec. 15, 2015) (citations omitted). A court's lack of subject-matter jurisdiction generally may be raised at any time, and courts should raise the question *sua sponte* when appropriate. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Finally, while courts must construe *pro se* pleadings liberally, *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir.

---

[1] The Court notes that the WVSCA's decision in *James v. Strader* was issued on April 15, 2016. (*See* ECF No. 1-1 at 1, 5.)

2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted)), the burden of proving subject matter-jurisdiction rests with the plaintiff as the party asserting proper jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), *cited in Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Pursuant to the *Rooker-Feldman* doctrine, *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 319 (4th Cir. 2016) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam)). The doctrine prohibits district courts from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) [hereinafter *Exxon*])). While district courts have some authority to "oversee" state court judgments, such as in habeas petitions, Congress has not allocated such jurisdiction "so generally to confer on district courts *appellate* jurisdiction over state court judgments." *Id.* (emphasis in original) (citing *Exxon*, 544 U.S. at 292 n.8).

As noted above, Plaintiff clearly brings this case because he is unhappy with a final state court judgment. He asks this Court in his objections to overturn the WVSCA's decision because they "should be held accountable for their erroneous decision . . . ." (ECF No. 7 at 11.) This is exactly the type of appellate review of a state court case the *Rooker-Feldman* doctrine was designed to prevent. *See Rooker*, 263 U.S. at 414–15. There is no evidence that Plaintiff attempted to obtain review of the state court decision by the U.S. Supreme Court, but "Congress

4

ha[s] vested jurisdiction to entertain such an appeal only in" that Court. *Thana*, 827 F.3d at 319. While Plaintiff expounds in his objections upon the merits of his case originally filed in state court against the West Virginia Real Estate Commission and its executive director, the Court cannot construe his pleading in this Court to be "a concurrent, independent action" to that original state court case. *See id.* at 321. Even affording his Complaint liberal construction, it is clear that he seeks appellate review of an unfavorable WVSCA action, and the Court does not have jurisdiction to hear such a matter. Therefore, the Court agrees with the PF&R that Plaintiff's Complaint is barred under the *Rooker-Feldman* doctrine, and it must be dismissed.

For these reasons, the Court **ADOPTS** the PF&R, (ECF No. 6), and **DISMISSES** the Complaint under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, (ECF No. 1). The Court further **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 26, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE